# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No:

MOURANT OZANNES (JERSEY) LLP,

    Plaintiff,

v.

DARRIN STOCK, and,
TANYA DICK STOCK.

    Defendants.

---

## VERIFIED PETITION SEEKING REGISTRATION, RECOGNITION AND ENFORCEMENT OF FOREIGN COURT JUDGMENTS

---

Plaintiff MOURANT OZANNES (JERSEY) LLP ("Mourant"), by and through its undersigned counsel, sets forth its Verified Petition Seeking Registration, Recognition and Enforcement of Foreign Court Judgments against Darrin Stock ("D. Stock") and Tanya Dick Stock ("T. Stock") (jointly referred to as "Defendants"), as follows:

### PARTIES

1. Mourant is a foreign entity with its principal place of business located at P.O. Box 87, 22 Grenville Street, St. Helier, JE4 8PX.

2. D. Stock is an individual who resides and lives at 1888 S. Jackson, Unit 804, Denver, Colorado 80210.

3. T. Stock is an individual who resides and lives at 1888 S. Jackson, Unit 804, Denver, Colorado 80210.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332, as the amount in controversy for this case exceeds the sum of seventy-five thousand dollars ($75,000) and is between a citizen of a foreign state and citizens of Colorado.

5. Since the recognition of foreign nation judgments is governed by state law, this Federal Court sitting in diversity should apply the law of the state in which it sits. *See, Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938); *see also Aetna Life Ins. Co.v. Tremblay,* 223 U.S. 185 (1912).

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) and (b), as the Defendants reside in Colorado.

**FACTUAL ALLEGATIONS**

7. Defendants hired Mourant pursuant to letters of engagement to perform certain legal services. Mourant performed the requested legal services and invoiced Defendants for those services.

8. Defendants failed to pay for those services causing Mourant to file two causes of action in the Royal Court of Jersey, Samedi Division (hereinafter "Jersey Court"), case number 2020/205 as to D. Stock and case number 2020/206 as to T. Stock. The action was initiated in the Jersey Court in accordance with the terms of the engagement letters which contain the following statement: *"We will carry out these instructions in accordance with our General Terms of Business which can be found on our website ([www.mourant.com/terms](www.mourant.com/terms))."* Those general terms of business, in turn, include the following express provision as to the governing law: *"The Engagement Terms between each Client and the Firm when providing Services under the laws of*

*Jersey shall be governed by the laws of Jersey and that Client irrevocably submits to the jurisdiction of the courts of Jersey."*

9. A first summons was issued to D. Stock requiring him to appear in the Royal Court, Royal Court House, Royal Square, St Helier, Jersey on December 18, 2020 at 2:30 p.m. to defend the action with particulars including in the Summons. **Exhibit 1**. The Summons advised that failure to appear may result in a judgment awarded against D. Stock. *Id.*

10. A first summons was issued to T. Stock requiring her to appear in the Royal Court, Royal Court House, Royal Square, St Helier, Jersey on December 18, 2020 at 2:30 p.m. to defend the action with particulars including in the Summons. **Exhibit 2**. The Summons advised that failure to appear may result in a judgment awarded against T. Stock. *Id.*

11. Defendants responded by way of a letter to the Jersey Court requesting a stay of proceedings until February 2021. On December 18, 2020, the Jersey Court notified Mourant that it was required to seek leave to serve out of the jurisdiction before the court would be willing to give default judgment.

12. Mourant then applied for leave to serve out of the jurisdiction, which requests were granted on March 4, 2021 with respect to the proceedings against T. Stock and March 10, 2021 with respect to the proceedings against D. Stock, and authorized Mourant to issue Summonses through personal service and by way of substituted service. **Exhibit Nos. 3 and 4**, Third Affidavit of Nicola Le Boutillier as to T. Stock and D. Stock respectively. Defendants were served in accordance with the Jersey Court's Orders, with a revised date to appear on April 23, 2021 and again advised that failure to appear may result in a judgment awarded against them.

Despite the Summonses and proper notice, T. Stock and D. Stock failed to appear or respond in any way.

13. Mourant petitioned the Court for their outstanding fees and costs, along with the cost of collection and interest, and the Court entered Orders in Mourant's favor and against each of the Defendants. *See,* April 23, 2021 Orders, attached hereto as **Exhibit Nos. 5 and 6**.

14. As stated in the Order against Defendant T. Stock (**Ex. 6**), she was found to have engaged the legal services of Mourant pursuant to an engagement letter dated December 19, 2018 but failed to pay for those services in full. The Court found in favor of Mourant and against T. Stock for the principal amount due of four hundred thousand, two hundred and sixty-five pounds and seventy-six pence (which as of the date of this filing and based on today's conversion rate is equivalent to $556,525.52 USD), interest at the rate of 2% above the UK base rate, calculated on a daily basis (per Jersey Court Practice Direction 05/06), plus the cost of and incidental to issuance of the Order (£14,039.25). *Id*.

15. As stated in the Order against Defendant D. Stock (**Ex. 5**), he was found to have engaged the legal services of Mourant pursuant to an engagement letter dated May 24, 2018 but failed to pay for those services. The Court found in favor of Mourant and against D. Stock for the principal amount due of ninety-eight thousand, one hundred and twelve pounds and seventy-three pence (which as of the date of this filing and based on today's conversion rate is equivalent to $113,414.61 USD), interest at the rate of 2% above the UK base rate, calculated on a daily basis (per Jersey Court Practice Direction 05/06), plus the cost of and incidental to issuance of the Order (£14,039.25). *Id*.

16. Mourant brings this suit against Defendants to collect on these two Jersey Court Judgments. Mourant seeks enforcement of the foreign court judgments in Colorado because this is, upon information and belief, where the Defendants reside and hold assets.

17. Under common law, a foreign country judgment may be enforced by an American court as a matter of comity. *Hilton v. Guyot*, 159 U.S. 113 (1895). In the landmark decision of *Hilton,* the United States Supreme Court defined international comity as "'the recognition which one nation allows within its territory to the legislative, executive or judicial actions of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." The *Hilton* court also held that the judgment of a foreign country constituted *prima facie* evidence of the matters that had already been adjudicated in the foreign court. *Id.* at 123. Thus, comity is the deference that a court in one country pays to a foreign government's acts, even though those acts are not otherwise binding on a domestic court. *Laker Airways v. Sabena Belgian World Airlines,* 731 F.2d 909, 937 (D.C. Cir. 1984).

18. In *Hilton* the Supreme Court stated that federal courts will recognize a foreign judgment if there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between citizens of its own country and those of other countries, and there is nothing to show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment. *Hilton v. Guyot, supra* at 202.

19. Comity may not be accorded to a decision of a foreign court of competent

jurisdiction, however, when the granting of comity would cause the laws and public policies of the forum and the rights of its residents to be violated. *Cunard Steamship Co. Ltd. v. Salen Reefer Services A.B.,* 773 F.2d 452, 457 (2d Cir. 1985); *In re Colorado Corp.,* 531 F.2d 463 (10th Cir. 1976); 405 U.S. 1017 (1972). For example, some courts have held that such foreign based ruling and rights should be enforced unless in so doing the domestic court would be "'approv[ing] of a transaction which is inherently vicious, wicked or immoral, and shocking to the prevailing moral sense." *Cornfeld v. Investors Overseas Services, Ltd.,* 471 F.Supp. 1255, 1259 (S.D.N.Y.), *affirmed* 614 F.2d 1286 (2d Cir. 1979) *[citing, Intercontinental Hotels Corp. v. Golden,* 203 N.E. 2d 210,212 (1964)]. None of these exceptions to comity apply here.

20. Mourant provided legal services pursuant to a written contract. Defendants accepted those services and received regular invoices for those services. Despite repeated demand, Defendants refused to pay for the services they benefitted from leaving Mourant no choice but to file suit. Defendants were served, advised of the basis for the cause of action and amount sought and advised of the date and time to contest the allegations. Defendants ignored the Summonses and elected not to defend the claims. Judgment was duly entered.

21. By applying the doctrine of comity in the case of *Phillips USA, Inc. v. Allflex USA, Inc., et al.,* the United States Court of Appeals for the Tenth Circuit considered whether Kansas would recognize an Australian judgment. *See, Phillips USA, Inc. v. Allflex USA, Inc., et al.;* 77 F.3d 354 (Kan. 1996). Kansas, unlike Colorado, has not passed the Uniform Foreign Money Judgments Recognition Act, but it does apply traditional principals of comity. *Id.* The Court of Appeals for the Tenth Circuit held that Kansas courts would recognize a valid Australian judgment, noting that nothing in Kansas statute or case law suggests that it would not

follow the principles set out in *Hilton. Id.*

22. In an unreported decision, the Tenth Circuit also addressed the question of whether a Canadian judgment would be entitled to extraterritorial effect in Utah. *Smith v. The Toronto-Dominion Bank;* 166 F.3d 1222, 1999 U.S. App. LEXIS 1184 (10th Cir. (Utah 1999)). In this case, the Tenth Circuit held, affirming the judgment of the district court that, given the long history of other courts recognizing Canadian judgments under principles of comity, it is reasonable to believe the Utah courts would likewise recognize a Canadian judgment if that judgment satisfied the requirements outlined in *Hilton* and otherwise comported with Canadian law. *Id.*

23. Additionally, in 1977, Colorado passed the Uniform Foreign Money-Judgment Recognition Act (the "act"), which is codified at C.R.S.A. §§ 13-62-101 to 13-62-109. Colorado's Uniform Foreign Money-Judgment Recognition Act provides a process for recognizing and enforcing foreign country judgments in this state. If a judgment is valid in the foreign country rendering the judgment, and the judgment meets the requirements of the Act, the case will not be tried again upon an assertion that the judgment was erroneous in law or in fact. *Ingenohl v. Olsen & Co.,* 273 U.S. 541 (1927); *Hilton* 159 U.S. at 203, n.2.

24. The Court should apply Colorado state law in addition to principles of comity. For it is state, not federal law, that governs the effect to be given to foreign judgments. *Phillips USA, Inc. v. Allflex USA, Inc., supra* at 359. Also, under *Erie R.R. Co. v. Tompkins;* 304 U.S. 64, 58 (1938), the recognition of foreign nation judgments is governed by state law, thus, a federal court sitting in diversity would apply the law of the state in which it sits. *See also,* Restatement (Second) of Conflicts of Laws § 98 cmt. c (rev. 1988); *see also, Success Motivation Inst. Of*

7

*Japan, Ltd. v. Success Motivation Inst., Inc.,* 966 F.2d 1007, 1010 (5th Cir. 1992).

25. Pursuant to the Colorado Uniform Foreign-Money Claims Act, if an action is brought to enforce a judgment of another jurisdiction expressed in foreign money and the judgment is recognized in this state as enforceable, the enforcing judgment must be entered as provided in Section 13-62.1-107, whether or not the foreign judgment confers an option to pay in an equivalent amount of United States dollars. C.R.S. § 13-62.1-110. Section 13-62.1-107(1) provides that a judgment or award on a foreign-money claim must be stated in an amount of the money of the claim. C.R.S. § 13-62.1-107(2) states that a judgment or award on a foreign-money claim is payable in that foreign money or, at the option of the debtor, in the amount of United States dollars which will purchase that foreign money on the conversion date at a bank-offered spot rate.

26. Here, the amount in controversy is the total of Mourant's foreign court judgments, plus interests, costs, and interest on the costs. (**Ex. Nos. 5 and 6**)

## CONCLUSION

Mourant respectfully petitions this Court for registration, recognition and enforcement of the foreign court judgments referenced above. Colorado may enforce Mourant's two Jersey court judgments under the common law theory of comity, based upon United States Supreme Court and Tenth Circuit case law, as well as Colorado's Uniform Foreign Money-Judgment Recognition Act. Accordingly, Mourant respectfully requests that Judgment be entered in favor of Mourant and against Defendant Darrin Stock for the principal amount due of ninety-eight thousand, one hundred and twelve pounds and seventy-three pence (which as of the date of this filing and based on today's conversion rate is equivalent to $113,414.61 USD), plus applicable

8

interest and costs pursuant to the Royal Court of Jersey Order, and Judgment be entered in favor of Mourant and against Defendant Tanya Dick Stock the principal amount due of four hundred thousand, two hundred and sixty-five pounds and seventy-six pence (which as of the date of this filing and based on today's conversion rate is equivalent to $556,525.52 USD, plus applicable interest and costs pursuant to the Royal Court of Jersey Order and the rules of this jurisdiction. Respectfully submitted this 1st day of September, 2021.

**KELLY LAW PARTNERS, LLC**

/s/ *William J. Kelly III*
William J. Kelly III
Shannon M. Bell
501 S. Cherry Street, Suite 1100
Denver, Colorado 80246
Phone: (720) 236-1800
Fax: (720) 236-1799
wkelly@kellylawpartners.com
sbell@kellylawpartners.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:

MOURANT OZANNES (JERSEY) LLP,

    Plaintiff,

v.

DARRIN STOCK, and,
TANYA DICK STOCK.

    Defendants.

## VERIFICATION

Being duly sworn, the undersigned, Stephen Alexander, states that he is a member of Mourant Ozannes (Jersey) LLP, and that the facts set-forth in the Verified Petition are true to the best of his knowledge, information and belief.

_____
Stephen Alexander

Before:

_____
Solicitor/~~Advocate~~ of the Royal Court of Jersey

CHIARA MUNDY

10